Peter Dumas
vs.
Willard E. Binford

No. 85312.

March 10, 1932.

CAPOTOSTO, J. The jury returned a verdict for the defendant in an action for negligence. The plaintiff moves for a new trial.

The plaintiff claims that the defendant, while parking his car on Westminster Street in front of the Journal Building, negligently struck him as he was standing near the curb on the sidewalk; that he was hit by the bumper of the automobile on the outer side of the leg at the knee; that he was thrown to the ground and seriously injured.

The defendant gives an entirely different version of the occurrence. His claim is that as he straightened his car at the curb, the rear fender merely brushed the plaintiff's leg; that the plaintiff did not fall, and that at the time the plaintiff claimed that he was not injured.

The plaintiff did not impress the Court. His story was improbable and his unfortunate physical condition was not the result of the accident. The jury used good judgment.

Motion for new trial denied.

For plaintiff: Harlow & Boudreau.

For defendant: Sherwood, Heltzen & Clifford.

Theodore A. La Course
vs.
Armand Brown

No. 86652.

March 10, 1932.

CAPOTOSTO, J. The plaintiff was given a verdict of $500 in a negligence case. The defendant urges his motion for a new trial only on the ground of excessive damages.

In the early morning of July 28, 1929, the plaintiff, a helper on a milk truck, was struck on the back of the leg as he was standing reading a note in front of the headlights of his truck that was stopped for delivery on its left hand side of the street.

The defendant, returning from a visit to an undisclosed person or place, for some unexplained reason failed to see the truck until it was too late to completely avoid striking the plaintiff.

On the question of liability, the jury's verdict will not be disturbed.

The injury which the plaintiff received was slight. Immediately after the accident, he was attended by a doctor, who found some swelling and some black and blue spots on the back of the left knee. Cold applications were applied, and two bottles of "Sloan's liniment" included the entire outlay for medicine.

There was, of course, the usual testimony of confinement to bed and indefinite reference to crutches and cane. In this aspect of the case, the plaintiff did not fail to give himself the benefit of every possible doubt. His claim of inability to work for three months is unjustified by the evidence. Three to four weeks' disability is most liberal. He received $21 a week. The sum of $250 will fully compensate the plaintiff for what he actually suffered as well as for what he imagined that he suffered.

If the plaintiff within five days remits all of the verdict in excess of $250, defendant's motion for a new trial is denied, otherwise it is granted both as to liability and damages.

For plaintiff: Raymond & Semple.

For defendant: Vance & Vance.